UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD CHAPMAN,

    Plaintiff,

vs.

CITY OF DETROIT, et al.,

    Defendants.
    _____/

Civil Action No.
06-CV-14480

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

This matter is presently before the court on the motion of defendants Johnson and Ballard for partial summary judgment [docket entry 12] and defendant City of Detroit's motion for summary judgment [docket entry 13].[1] Plaintiff has not responded. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide these motions without oral argument.

This is a police misconduct action in which plaintiff alleges that defendants Johnson, Thuran and Ballard, City of Detroit police officers, knocked him from bicycle, beat him, refused to provide him with medical care, and brought false criminal charges against him. He asserts state law claims against the officers for negligence, gross negligence, assault and battery, false arrest, false imprisonment and malicious prosecution. Plaintiff also claims the defendant officers violated his fourth and fourteenth amendment rights. Additionally, plaintiff claims that the city negligently trained and supervised the officers. For relief plaintiff seeks compensatory, exemplary and punitive damages, and costs and attorney fees.

---

[1] The only other defendant, Russell Thuran, has not joined in these motions or answered the complaint. The docket sheet contains no indication that he has been served with process. Pursuant to Fed. R. Civ. P. 4(m), the court shall therefore dismiss the complaint without prejudice as to this defendant.

Defendants Johnson and Ballard argue they are entitled to summary judgment as to Count I, in which plaintiff alleges they were grossly negligent in failing to provide him with prompt medical attention, *see* Cmplt. ¶¶ 13-16, because (1) plaintiff has testified that he did, in fact, receive prompt medical attention, Dfts' Br. at 7; and (2) "Michigan law does not recognize the commission of intentional torts by gross negligence," *id.* at 8. Defendants' first argument is dispositive of this claim. While the complaint alleges that defendants were indifferent to his need for medical attention, plaintiff testified otherwise at his deposition. Plaintiff testified that upon his arrival at the precinct for booking he "asked to see a sergeant and the sergeant allowed me to go to the hospital. . . . It was pretty quick. It [i.e., being transported to the hospital] was about 40 minutes after my arrival." Pltf's dep. at 43. Plaintiff's injuries allegedly consisted of a cut on the back of his head, skinned elbows and a painful shoulder. *See id.* at 44. As a matter of law, the court holds that plaintiff received prompt medical attention for these injuries. The court shall therefore grant summary judgment for defendants on Count I.

In Count II plaintiff alleges that defendants violated his fourth and fourteenth amendment rights by using excessive force against him, depriving him of liberty without due process, and subjecting him to summary and cruel and unusual punishment. *See* Cmplt. ¶ 18. As this count of the complaint appears to be based on the allegation that defendants used excessive force while arresting him, the claim must be analyzed exclusively as a violation of the fourth amendment's prohibition of unreasonable seizures.[2] *See Graham v. Connor*, 490 U.S. 386, 394 (1989); *Tennessee v. Garner*, 471 U.S. 1, 7-22 (1985).

---

[2]The malicious prosecution claim, which is cognizable as a fourteenth amendment violation, is pled in Count V and discussed separately *infra*.

Defendants Ballard and Johnson seek summary judgment as to this claim on the grounds that they are entitled to qualified immunity. Qualified immunity shields government actors from liability for their discretionary actions insofar as they do not violate a plaintiff's clearly established constitutional rights. *See Anderson v. Creighton*, 483 U.S. 635, 638-40 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640. It has been clearly established for many years that a police officer may not use more force than is reasonably necessary to effect an arrest, *see, e.g., Graham*, 490 U.S. at 392-93; *Pray v. City of Sandusky*, 49 F.3d 1154, 1158 (6th Cir. 1995), and defendants do not argue otherwise. Rather, defendants argue that their "actions were objectively reasonable under the circumstances." Dfts' Br. at 5. On this record, the court is unable to reach this conclusion. Plaintiff has testified that while he was riding his bicycle the officers "just jumped down on me and proceeded to beat me up, tackle me off the bike and proceeded to beat me up, all three of them"; that the officers held him on the ground, face down, and punched and beat him repeatedly in the head with their flashlights; and that he did not move. Pltf's dep. at 22, 24-25, 28, 31-34. Defendants deny having used any such force. It will be for the jury to resolve the factual dispute and to determine whether, under all of the circumstances of this particular case, the force defendants used was reasonable. Defendants' motion for summary judgment is denied as to plaintiff's fourth amendment claim.

In Count III of the complaint, which is captioned "Negligent Training and Supervision," plaintiff alleges that the city "permitted, encouraged, tolerated, and/or ratified a pattern and practice of unjustified, unreasonable, and excessive force," and thereby caused the violation of his constitutional rights by the individual defendants. Cmplt. ¶¶ 21-25. Defendant City

3

of Detroit correctly notes that this claim cannot be established by showing the municipality was negligent. Rather, "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). Further,

> a municipality is only responsible "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." There must be an "affirmative link between the policy and the particular constitutional violation alleged" for a municipality to be held responsible. The burden of proof is on the plaintiff to set forth the unconstitutional policy and link it with both the municipality and the injuries at issue.

*King v. City of Eastpointe*, 86 Fed.Appx. 790, 801 (6th Cir. 2003) (citations omitted).

In the present case, plaintiff has failed to identify an official city policy of deliberate indifference to citizens' rights or link such a policy to his injuries. Nor has he "set forth specific facts showing that there is a genuine issue for trial" as to his municipal liability claim, as required by Fed. R. Civ. P. 56(e). The court shall therefore grant summary judgment for defendant City of Detroit as to Count III.

In Count IV plaintiff asserts claims against the individual defendants for negligence, assault and battery, false arrest, and false imprisonment. To the extent this claim is based on defendants' alleged failure to provide plaintiff with medical care, defendants' summary judgment motion is granted for the reasons indicated above. To the extent this claim is based on defendants' alleged use of excessive force while arresting him, defendants' motion is denied for the reasons indicated above. Defendants are not immune from tort liability if they acted with gross negligence, which is defined by Michigan's governmental immunity statute as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." M.C.L. § 691.1407(7)(a).

4

As indicated above, it will be for the jury to decide whether defendants' conduct meets this standard.

To the extent Count IV is based on the allegation that defendants arrested plaintiff without probable cause, defendants' motion is granted. Defendant Ballard testified that another officer, Lee, told Ballard and Johnson that plaintiff had a bag of marijuana in his hand. *See* Ballard dep. at 32-33. This provided defendants with probable cause to arrest plaintiff for suspected possession of a controlled substance.

In Count V, plaintiff alleges that defendants "instigated a criminal prosecution against Plaintiff in 36th District Court" and that the charges "were false and without probable cause." Cmplt. ¶¶ 35-36. At his deposition plaintiff testified that the marijuana possession charge was dismissed when defendants failed to appear at his trial. *See* pltf's dep. at 50-51. Plaintiff's malicious prosecution claim fails because defendants have testified that although they assisted in arresting plaintiff, they were not involved in charging him. *See* Ballard dep. at 30; Johnson dep. at 20. According to defendant Ballard, the criminal charges were filed by Officer Lee. *See* Ballard dep. at 30. As plaintiff has not responded to defendants' motion, there is no factual dispute for the jury to resolve as to defendants' involvement in charging him. The court shall therefore grant summary judgment for defendants on this claim. Accordingly,

IT IS ORDERED that the motion of defendants Johnson and Ballard for partial summary judgment [docket entry 12] is granted in part and denied in part as follows: the motion is granted as to all of plaintiff's claims except Counts II and IV to the extent they are based on alleged excessive force or "gross negligence" as defined by state statute.

IT IS FURTHER ORDERED that defendant City of Detroit's motion for summary judgment [docket entry 13] is granted.

IT IS FURTHER ORDERED that the complaint is dismissed without prejudice, pursuant to Fed. R. Civ. P. 4(m), as to defendant Thuran for plaintiff's failure to serve him with process within 120 days after commencing suit.

_____s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: November 27, 2007
          Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman